# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL STEVEN CHANEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:05-CV-2170-DJS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on receipt of movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On December 6, 2002, movant pled guilty to Count II of a three-count indictment, possession of a controlled substance, pseudoephedrine, in violation of 21 U.S.C. § 841(c)(2). He was sentenced to a term of 100 months' imprisonment. Movant did not file an appeal.

### Motion to Vacate

Movant alleges that the sentence that he received violated his Sixth Amendment right to a jury trial. Relying on *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), movant asserts that his sentence is unconstitutional because (1) it exceeds the statutory maximum prescribed by the facts admitted by movant; (2) no specific amount of drugs is alleged in the indictment to warrant an enhancement; and (3) the quantity of drugs used to determine the base offense level should be deemed the smallest amount prosecutable because the quantity is neither alleged in the indictment nor admitted by defendant.

### Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts

provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Movant's § 2255 motion was filed outside the one-year limitation period. *See* 28 U.S.C. § 2255. The limitation period runs from the date on which the judgment of conviction becomes final. 28 U. S.C. § 2255(1); *Clay v. United States,* 537 U.S. 522, 524 (2003). Because movant did not file a direct appeal, his conviction became final ten days after the judgment was entered on December 6, 2002, or on December 20, 2002. *See* Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal must be filed within ten days after entry of judgment). Movant had until December 20, 2003, in which to file his § 2255 motion. Thus, his motion filed November 14, 2005, was untimely.

Movant appears to assert that his motion falls under § 2255(3), which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Movant apparently is arguing that the Supreme Court's decisions in *United States v. Booker,* 534 U.S. 220, 125 S.Ct. 738 (2005), *Blakely* and *Apprendi* announced a new rule which is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his initial § 2255 motion.

Movant's argument is without merit. In *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), the Eighth Circuit Court of Appeals held that *Apprendi* was not of watershed magnitude and that the holding of *Teague v. Lane*, 489 U.S. 288 (1989) barred the retroactive application of an *Apprendi* claim on collateral review. Similar reasoning prevents either *Booker* or *Blakely* from being applied retroactively in the instant case.

Furthermore, even if the period of limitations is subject to equitable tolling, *see Paige*

*v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), movant has not asserted any facts that would cause the Court to conclude that equitable tolling applies in this case. *Id.* (noting that in habeas context equitable tolling is proper when "extraordinary circumstances" beyond a prisoner's control makes it impossible to file the habeas action on time). Movant states that he did not file a direct appeal because his attorney told him that he had no grounds for appeal.

Movant is not entitled to equitable tolling on this ground for at least three reasons. First, movant, in filing his § 2255 motion almost two years beyond the statute of limitations, has not demonstrated diligence in pursuing his rights. *U.S. v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citation omitted); *Jihad v. Hvass,* 267 F.3d 803, 805-06 (8th Cir.2001) (equitable tolling affords otherwise time-barred petitioner exceedingly narrow window of relief; equitable tolling is proper only when extraordinary circumstances beyond prisoner's control make it impossible to file petition on time); *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir.1989) ("...[E]quity is not intended for those who sleep on their rights."). Second, movant's claim is essentially attributable to his ignorance of the law, which the Court has found does not warrant equitable tolling. *U.S. v. McIntosh,* 332 F.3d 550, 551 (8th Cir. 2003) (*citing Cross-Bey v. Gammon,* 322 F.3d 1012, 1015-16 (8th Cir.2003) (unrepresented prisoner's lack of legal knowledge does not support equitable tolling). Third, "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." *Martin*, 408 F.3d at 1093 (*citing Beery v. Ault,* 312 F.3d 948, 951 (8th Cir.2002)). Thus, movant's motion must be dismissed because it is untimely and is not subject to equitable tolling.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] is **DENIED**, without prejudice, as time-barred.

An appropriate order will accompany this memorandum and order.

Dated this 12th day of December, 2005.


    /s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE